UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GARY L. BRANHAM,                              )
                                             )
            Plaintiff                        )
                                             )
                                             )
      v.                                     )      Case No. 1:01-cv-0152-JDT-WTL
                                             )
JOHN W. SNOW, SECRETARY,                     )
UNITED STATES DEPARTMENT OF                  )
TREASURY/INTERNAL REVENUE SERVICE,           )
                                             )
            Defendant.                       )

## AGREED PRIVACY ACT PROTECTIVE ORDER

This is an action brought pursuant to the Rehabilitation Act of 1973.  Plaintiff seeks

discovery of information which is encompassed by the Privacy Act of 1974, 5 U.S.C. § 552a and

26 U.S.C. 6103, which prohibits the disclosure of information concerning tax payers.  In order to

permit the parties to discover and use throughout this proceeding, including trial, all information

relevant to the subject matter of this case without making this information public and thus

undermining the legislative purpose of the Privacy Act and § 6103, the Court issues this Agreed

Order pursuant to 5 U.S.C. § 552a(b)(11), § 6103, and Rule 26(c) of the Federal Rules of Civil

Procedure.

This Order is entered for the purpose of protecting the rights of privacy of past and

present federal employees of the Department of Treasury as well as tax payers.  Plaintiff has

sought discovery of certain documents and information concerning these individuals by virtue of

Plaintiff's discovery requests.  The documents and information that Plaintiff seeks, and which

are subject to this Order, include all such documents to which Defendant objected to producing

on Privacy Act grounds in response to the foregoing discovery request.  This Order shall also

govern the production and use of all other documents and information in this action subject to the Privacy Act.

This Order permits the Defendant to review and disclose these items to any party and their counsel in the course if this action under the conditions set forth herein.

Such records shall be disclosed by Defendant only to parties acting Pro Se or through their attorneys.  Pro Se litigants and attorneys to whom disclosures are made shall not disclose any of the documents or information produced subject to this Order to any person unless the disclosure is reasonably and in good faith calculated to aid in the preparation and/or prosecution of this specific legal action.  Pro Se litigants and attorneys to whom disclosure is made shall ensure that any person to whom disclosure may be made pursuant to this Order shall, prior to such disclosure, have read, understood, and acknowledged in writing his/her agreement to be bound by this Order.

Pro Se litigants and attorneys to whom disclosure is made shall be permitted to obtain a reasonable number of copies of the documents or information produced subject to this Order. No further copies shall be made without further Order of the Court except as may be required as attachments to pleadings filed with the Court, or as otherwise needed as an exhibit in this action.

The sole purposes for which the disclosure of the documents and information is being made is to prepare for, prosecute, and defend this litigation.

By producing documents subject to this Order, Defendant does not waive any objections to any future use of these documents that may be made by any party, either at trial or in any other proceeding.

Upon conclusion of this action (including any appeals), all copies of documents released

under this Order, excepting exhibits entered into evidence, shall be returned within 30 days, to counsel for Defendant.

Nothing in this Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or liability for payment of any costs for production or reproduction of documents nor does the Order constitute a waiver by Defendant of any right to object to discovery or admission into evidence of any document or record subject to this Order.

Respectfully Submitted,

SUSAN W. BROOKS
United States Attorney


By:     */s Debra G. Richards*_____          _*/s John W. Griffin/DGR*_____
        Debra G. Richards                          John W. Griffin
        Assistant United States Attorney           Attorney for Plaintiff


IT IS SO ORDERED this __14th___ day of __November_____, 2005.




_____
John Daniel Tinder, Judge
United States District Court

3

Distribution:

Jeffrey L. Hunter
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

John W. Griffin
HOUSTON, MAREK & GRIFFIN, L.L.P.
120 S. Main Street, Suite 301
Victoria, Texas 77901

Elizabeth G. Russell
Linda J. Cooley
KRIEG DeVAULT L.L.P.
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204-2079