IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY L. BRANHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. IP01-0152-C-T/G |
| | ) |
| | ) |
| PAUL HENRY O'NEILL, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| TREASURY/INTERNAL REVENUE | ) |
| SERVICE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF GARY L. BRANHAM'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

In providing these responses to Plaintiff's request for production, the United States reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time. Additionally, the United States does not in any manner admit or imply that it considers any of the requests for production or responses thereto to be relevant or material to the subject matter of this action or to the claims or defenses of any party herein, or that such discovery request is reasonably calculated to lead to the discovery of admissible evidence. Further, the United States does not waive and hereby reserves its right to assert any and all objections to the admissibility into evidence at the trial of this action, or in any other proceeding, of any response to the discovery request on any and all grounds, including, but not limited to, competency, relevance, materiality, and privilege. The United States does not waive any objection that it might have to any other discovery request involving or relating to the subject matter of the discovery request.



EXHIBIT B

## Requests for Production

**REQUEST NO. 1:** All documents evidencing, relating, or pertaining to the job qualifications in effect during the period of 1994 to the present for all GS-1811 Criminal Investigator positions within the Department of Treasury.

**ANSWER:** See pages 6-22; 627-829 and Exhibit 20 to the EEO Investigatory file.

**REQUEST NO. 2:** All documents evidencing, relating, or pertaining to the employment of individuals with insulin-dependent diabetes mellitus in any GS-1811 Criminal Investigator positions within the Department of Treasury from 1994 to the present.

**ANSWER:** The Internal Revenue Service is not aware of any specific documents relating to such matters in its possession or control, other than the files relating to the plaintiff and the plaintiff in *Krysztof v. Rubin*, Case No. 97-CV-0480-S, W.D.N.Y.

**REQUEST NO. 3:** All documents evidencing, supporting, relating, or pertaining to the procedures in effect from 1994 to the present for evaluating an individual's disability and/or an individual's ability to perform the position of GS-1811 Criminal Investigator within the Department of Treasury with <u>or</u> without accommodation.

**ANSWER:** There were no specific documents relating to the position of GS-1811. However, there is a reasonable accommodation policy statement being produced in response hereto. See pages 790 *et seq*.

**REQUEST NO. 4:** All documents evidencing, supporting, relating, or pertaining to the policies in effect from 1994 to the present on the accommodation of any individual employed by the Department of Treasury in a GS-1811 Criminal Investigator position including, but not limited to, any accommodation specific to insulin-dependent diabetes mellitus.

**ANSWER:** See response to 3 above.

**REQUEST NO. 5:** All documents evidencing, supporting, relating, or pertaining to the Department of the Treasury and Internal Revenue Service's policies in effect from 1994 to the present on the accommodation of any individual with a disability employed by you including, but not limited to, any accommodation specific to insulin-dependent diabetes mellitus.

**ANSWER:** See response to 3 above.

**REQUEST NO. 6:** The Plaintiff's complete personnel file, including but not limited to the following; all supervisory files, job titles and responsibilities, pay records, medical/sick leave requests, attendance records, medical records, applications for transfers/promotions, grievances, performance appraisals, disciplinary records, letters of commendation, insurance benefits, awards and any records which reference the Plaintiff or affect his employment status.

**ANSWER:** This file is being produced. See pages 247 *et seq.*

**REQUEST NO. 7:** All employee handbooks, and personnel manuals during Plaintiff's employment with the Defendant and, unless otherwise provided, please produce all written policies in effect during Plaintiff's employment regarding (a) job security; (b) grievance procedures; (c) transfers and/or promotions; (d) pay; (e) Section 501 of the Rehabilitation Act of 1973 and/or Americans with Disabilities Act; and (f) attendance/tardiness/absence problems.

**ANSWER:** See National Agreement being produced in connection herewith.

**REQUEST NO. 8:** All documents including, but not limited to, the agenda, meeting notes, and minutes referring to, describing, and/or representing any Health and Safety Committee meeting wherein any discussion about Plaintiff took place.

**ANSWER:** Other than the materials contained in the EEO investigative file, none are known at present to exist.

**REQUEST NO. 9:** All documents which are not included in Plaintiff's personnel file that support, evidence, relate to, or otherwise pertain to Plaintiff's employment with the Department of Treasury including, but not limited to, documents relating to or reflecting job performance and/or Plaintiff's awards, commendations and disciplinary actions.

**ANSWER:** The plaintiff's EPF and drop file are being produced in response hereto. The EPF file starts at page 433 and the drop file starts at page 371.

**REQUEST NO. 10:** Copies of Plaintiff's overtime reports maintained during the period of his employment with the Department of Treasury.

**ANSWER:** See pages 587-624 regarding the years from 1995 to the present. The overtime records for prior years would not have been kept, due to retention policies.

**REQUEST NO. 11:** The complete contents of any other file not previously produced herein maintained by the Department of Treasury or any of its agents including, but not limited to Drs. Miller and Butler, referring to or regarding Plaintiff.

**ANSWER:** No other files in addition to those being produced are presently known to exist. However, the IRS is not able to produce any files maintained by Drs. Miller and Butler, as they are not agents or employees of the IRS.

**REQUEST NO. 12:** All documents supporting, relating, or pertaining to any basis upon which the Department of Treasury decided not to hire Plaintiff for the GS-1811 Criminal Investigator position including, but not limited to, any documents submitted to the Department of Treasury by the Plaintiff.

4

**ANSWER:**   See the documents included in the production response and the EEO investigative file. See also 203-247.

**REQUEST NO. 13:** All documentation, memoranda, notes, tapes (audio and/or video), e-mail communications, or computer data regarding the decision making process which led to the recision of the offer of the GS-1181 Criminal Investigator position to Plaintiff.

**ANSWER:**   Other than the materials being produced, none are presently known to exist.

**REQUEST NO. 14:** All documents not previously requested which directly or indirectly support, negate, relate to, or refer to, any responses and/or affirmative defenses made in the Department's answer to the Complaint.

**ANSWER:**   See documents being produced.

**REQUEST NO. 15:** All documents not previously requested which directly or indirectly support, negate, relate to, or refer to, any of the contentions or claims made in the Complaint against the Defendant.

**ANSWER:**   See response to 14 above.

**REQUEST NO. 16:** All documents evidencing, relating, or referring to the Internal Revenue Service's policies and procedures for undercover operations including, but not limited to, the selection of individuals for undercover work in effect from 1994 to the present.

**ANSWER:**   The defendant objects to the production of such materials, as it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. The defendant also objects in that production would lead to a disclosure of IRS investigative techniques.

**REQUEST NO. 17:** All documents relating to the Internal Revenue Service's undercover operations training program in effect from 1994 to the present, including any and all versions, modifications, or updates thereto.

**ANSWER:** See response to 17 above.

**REQUEST NO. 18:** All documents which you identified in your responses to the Interrogatories served contemporaneously herewith.

**ANSWER:** All such documents are being produced.

**REQUEST NO. 19:** All documents to which you referred, but did not identify, when preparing your responses to the Interrogatories served contemporaneously herewith.

**ANSWER:** None are known to exist.

**REQUEST NO. 20:** All organizational charts for the Federal Occupational Health Agency of the Department of Health and Human Services from 1994 to the present.

**ANSWER:** The IRS cannot produce such documents as such entity is not a part of the IRS.

**REQUEST NO. 21:** All documents which you intend to introduce into evidence at the trial of this lawsuit.

**ANSWER:** No determine has been made at this time. The defendant will disclosure and produce such documents pursuant to the terms of the Case Management Plan.

I HEREBY DECLARE, UNDER PENALTIES OF PERJURY, THAT THE ABOVE ANSWERS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

G. Roger Markley, Senior Attorney
Internal Revenue Service
Chief Counsel's Office, Chicago, IL

AS TO OBJECTIONS:

Respectfully submitted,

UNITED STATES ATTORNEY
Timothy M. Morrison

By: _____
Jeffrey L. Hunter
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant's Response to Plaintiff Gary L. Branham's First Request for Production of Documents to Defendant has been served upon the following counsel of record by depositing a copy of the same in the United States mail, first class postage prepaid this 11th day of October, 2001:

Elizabeth G. Russell
Linda J. Cooley
KRIEG DeVAULT ALEXANDER &
    CAPEHART, LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana  46204-2079

_____
Jeffrey L. Hunter
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana  46204
Telephone:  317-226-6333