UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

GARY L. BRANHAM,                                          )
                                                                        )
              Plaintiff,                                           )
                                                                        )
       vs.                                                          )              1:01-cv-0152-JDT-WTL
                                                                        )
JOHN W. SNOW, Secretary, United States  )
Department of Treasury/Internal Revenue   )
Service,                                                           )
                                                                        )
              Defendant.                                       )


**CLARIFICATION OF COURT'S ENTRY ON ADMISSIBILITY OF PROFFERED**

**EXPERT TESTIMONY AND ENTRY ON PLAINTIFF'S SUBSEQUENT MOTION TO**

**RECONSIDER (Docket No. 55)**[1]


       This matter is currently before the court on Plaintiff's, Gary L. Branham

("Branham"), motion to reconsider the aspect of the court's entry discussing the

admissibility of evidence relating to the Defendant's, Internal Revenue Service (the

"IRS"), witness, Dr. Miller.  After carefully reviewing the arguments set forth by Branham

in his Supplemental Memorandum Regarding Dr. Miller's Opinions (Docket No. 50), the

court will clarify its previous entry relating to Dr. Miller and will find as follows:

---

[1] This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

## I.     BACKGROUND

In the instant case, the IRS withdrew its job offer as a Special Agent from Branham because the IRS found that Branham's Type 1 Diabetes was not under adequate control to allow him to perform the essential job functions of the Special Agent position without posing a direct threat to the health or safety of those in the workplace. Branham asked for a reconsideration of the agency's decision.  On June 6, 2000, the IRS denied the reconsideration and issued its final decision that Branham was medically ineligible for the Special Agent position.  Branham subsequently filed this discrimination action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*

In reaching its final decision, the IRS relied on the medical opinions of two occupational medicine doctors, Drs. Miller and Butler.  Both Dr. Miller and Dr. Butler provided the IRS with a recommendation that Branham was medically unqualified to perform the essential functions of the Special Agent position due to the condition of his diabetes.  (Def.'s Proffered Exs. 10 & 22.)

In an order entered on November 28, 2005, the court limited the permissible scope of admissibility relating to Dr. Miller's testimony.  The court ruled that the IRS failed to establish Dr. Miller's requisite expertise to qualify as an expert under Federal Rule of Civil Procedure 702 to offer an opinion related to diabetes, diabetes care, or the condition of Branham's diabetes.  However, the court further explained that either party would be permitted to call Dr. Miller as a fact witness in this case.  As such, the court outlined that:

Dr. Miller may testify as to the actual content of his recommendation.

However, to the extent that Dr. Miller's testimony would relate to

diabetes, the IRS may not ask Dr. Miller to explain the reasoning of his

medical recommendation.  In other words, Dr. Miller may testify as to

the information and recommendation that he provided to the IRS in the

proffered Defense Exhibits 10 and 22.  However, he cannot testify as

to how he reached that determination and he cannot provide medical

justification for his determination.

(Docket No. 54 at 5.)

On the same day the court entered its order regarding the admissibility of Dr.

Miller's testimony, Branham filed a supplemental memorandum (Docket No. 50)

providing additional legal argument in support of its view regarding the scope of

admissibility of Dr. Miller's testimony.  The court was unaware of Branham's

memorandum at the time that it filed its entry.  Accordingly, Branham moved the court to

reconsider its entry in light of the arguments set forth in its memorandum.  Branham

argues that the court should further limit the scope of admissibility of Dr. Miller's

testimony.

## II.   DISCUSSION

Branham does not dispute the court's conclusion that Dr. Miller is not qualified to testify as an expert under Federal Rule of Evidence 702 regarding diabetes or diabetes care. Instead, Branham contends that the court has not sufficiently limited the scope of Dr. Miller's factual testimony. The court ruled that Dr. Miller's comments and opinion regarding Branham's medical qualifications, as to the extent they were formed and delivered to the IRS during the risk assessment stage of the applicant review process, were admissible as the historical facts of this case, but not as expert opinion in court. The court understands that it is Branham's position that Dr. Miller's medical opinion, as it was formed during the applicant review process, cannot be brought into evidence under any circumstances; otherwise, argues Branham, Rule 702 will be violated by allowing the jury to hear the medical opinion of a witness who has not been qualified as an expert in the area concerning his opinion.

Dr. Miller formed his medical opinion relating to the condition of Branham's diabetes in 1999. On the one hand, Dr. Miller's medical recommendation is extremely relevant to this case. The central dispute in this case is whether Branham posed a direct threat to the health and safety of those in the workplace. In assessing the possible risks in hiring Branham, the IRS was required to base its decision on a reasonable medical judgment that relied on the most current medical knowledge and/or on the best available objective evidence. It is the jury's duty to find whether the IRS did so. In order to make this determination, the jury must have the medical evidence on which the IRS relied in making its decision. Dr. Miller's medical recommendation had at least some, if not a significant amount of weight on the IRS's decision. As such, his

recommendation plays a critical role as a historical fact in the case.  On the other hand,

Dr. Miller's recommendation constituted a medical opinion.  The court is sensitive to

Branham's concern that his 1999 opinion will be heard by the jury even though he is not

qualified as a diabetes expert in this case.  Thus, the court faces the dilemma of

addressing a highly relevant historical fact which consists of a past medical opinion

provided by a witness who is not qualified as an expert in that area of expertise.

Despite Branham's arguments to the contrary, the court stands by its original

ruling regarding the admissibility of the historical facts regarding Dr. Miller's medical

recommendations.  First, Branham fails to direct the court to any legal authority which

suggests that a relevant historical recommendation is not admissible due to the fact that

is would have constituted an expert opinion if it were formed and offered in court.  The

few cases cited by Branham, *see Musser v. Gentiva Health Services*, 356 F.3d 751, 757

n.2 (7th Cir. 2004); *Wilson v. Bradlees of New England Inc.*, 250 F.3d 10, 21-22 (1st Cir.

2001); *United States v. Welch*, 945 F.2d 1378, 1383 (7th Cir. 1991), are simply not on

point with the dilemma the court faces here.  Indeed, some support can be found for the

court's earlier assessment of this issue.  *See Aliotta v. Nat'l R.R. Passenger Corp.*, 315

F.3d 756 (7th Cir. 2003) (dictum).  In *Aliotta*, the plaintiff sued the defendant railroad

company for the death of her spouse.  Prior to the trial, the railroad company's Risk

Manager stated during a deposition that "high-speed trains create dangerous vacuums

along and near their sides, which can potentially suck bystanders to their deaths."  *Id.* at

759.  The trial judge refused to allow the manager's testimony in on the ground that it

neither met the requirements for expert testimony nor was admissible as an admission

of a party-opponent.  While the manager was not qualified as an expert to render an

opinion on the matter in court, the Seventh Circuit suggested that if the trial court would

have provided a limiting instruction, the deposition statement may have been

admissible, not for the truth of the matter asserted in it, but solely to show that the

company was aware of certain risks, regardless of those risks' scientific basis. *Id.* at

760.  "In this [] case, with a limiting instruction to disclaim the statements' scientific

validity, there is no *Daubert* or hearsay problem."  *Id.*

The court finds the Seventh Circuit's comments in *Aliotta* helpful in approaching

the situation faced here.  It provides clear recognition that Dr. Miller's recommendations

are admissible, as long as they are accompanied by a limiting instruction explaining that

Dr. Miller is not qualified to offer medical opinions on the matter and the medical

recommendations are not to be considered for the truth of the matter.  Thus, the court

will allow Dr. Miller to testify as a fact witness in this case.  As a fact witness, he may

testify as to the content of the medical recommendations that he provided to the IRS

and the medical data that he relied on in reaching that recommendation (such as the

blood glucose logs and the Hemoglobin A1c levels).  In addition, the documents

prepared by Dr. Miller for the IRS are also admissible.  These include Defendant's

Exhibits 10, 16, and 22.  These items of evidence constitute historical facts of the case;

facts in which the IRS relied on in making its decision not to hire Branham.  However,

Dr. Miller will not be able to testify beyond that which he provided to the IRS.  Likewise,

he cannot explain the medical basis or reasoning for reaching his conclusions.  Such

evidence would extend beyond the scope of that which was provided to and relied on by

the IRS, and would not be admissible.  Thus, Dr. Miller will not be able to bolster or

justify his comments that he made to the IRS.  This limitation, however, does not in any

way limit Branham's ability to impeach Dr. Miller's factual opinion by attacking his

absence of qualifications to make such a recommendation to the IRS.

At the first sign or attempt to introduce evidence relating to Dr. Miller's historical medical opinion, the court will provide the jury with a limiting instruction.[2]  In addition, a similar instruction will be given to the jury as part of the Final Jury Instructions.

---

[2]  The following is the gist of the limiting instruction the court intends to give:

Certain exhibits are being admitted into evidence which are represented to have been prepared by Richard J. Miller, M.D. during the process of the evaluation of the Plaintiff's Special Agent application by the IRS, and you will hear testimony perhaps from Dr. Miller and others about those documents and matters contained in them.  These documents contain comments by Dr. Miller about the Plaintiff's diabetes, blood sugar and glucose levels, the effect of those things and the medical eligibility or qualification of the Plaintiff for the job of Special Agent. These exhibits are not admitted for the truth, accuracy or reliability of those comments, but instead are admitted only for the limited purposes of allowing you to consider whether the information contained in the exhibits was conveyed to other persons involved in the evaluation of the Plaintiff's application by the IRS and whether they were considered during the process of denying the Plaintiff's application.  In order for the comments of Dr. Miller about the medical or scientific effect of the Plaintiff's diabetes, blood sugar and glucose levels and the medical eligibility or qualification of the Plaintiff for the job of Special Agent to be admissible as evidence for you to consider in a court of law, that is, as expert opinions, Dr. Miller would have to be shown to be an expert in those areas by knowledge, skill, experience, training or education and I have determined that such a showing has not been made.  Therefore, you can consider the information contained in these documents prepared by Dr. Miller, and testimony by him or others about the comments he wrote or made during the evaluation process only for the limited purpose of determining whether Dr. Miller prepared and/or conveyed those documents and/or comments, and if so, whether they were considered and not for the truth, accuracy or reliability of those comments.
In assessing the employment application of the Plaintiff as a Special Agent, the IRS was required to base its decision on a reasonable medical judgment that relied on the most current medical knowledge and/or on the best available objective evidence.  It will be for you to decide whether the IRS did so.  The rules for admissibility of an opinion that I just mentioned do not apply to the obtaining of a reasonable medical judgement by a governmental agency in the evaluation of an employment application.  Therefore, the comments of Dr. Miller that cannot be considered by you as expert opinions, could have been considered by the IRS as a part of its evaluation process to any extent that those comments were qualified as a reasonable medical judgment relying on the most current medical knowledge and/or the best available objective evidence.  It will be for you to determine whether, in fact, Dr. Miller's comments are so qualified. So, as you review these documents from Dr. Miller and any comments that he wrote or made during the evaluation process, you may consider those things for the limited purposes I have described, only, and not for any other purpose.

Finally, the court finds that the admissible portion of the evidence relating to Dr.

Miller's recommendation passes the test for relevancy under Federal Rules of Evidence

401 and 403.  Rule 401 requires that the evidence has "any tendency to make the

existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence."  F.R.E. 401.  This

requirement is easily satisfied as the evidence in question was considered and relied on

by the IRS as part of its risk assessment during the applicant review process.  Rule 403

requires that relevant evidence be excluded "if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

jury."  Here, as Branham argues, there is a potential danger that by permitting the

evidence relating to Dr. Miller's historical medical recommendation when Dr. Miller is not

qualified as an expert in the field under Rule 702, the jury will be misled into giving more

weight or validity to Dr. Miller's opinion than what a normal fact witness would be

entitled to.  However, that danger is mitigated by the court accompanying the admission

of the evidence with a limiting instruction.  In addition, as explained above, this evidence

carries with it a great amount of probative value because it addresses one of the central

disputes of the case.[3]  Accordingly, it cannot be said that the limited danger in

misleading the jury substantially outweighs the evidence's probative value.  The

evidence is thus relevant and admissible under Rules 401 and 403.

_____

[3] Indeed, this evidence appears to the court to be extremely helpful to Branham.  The IRS was required to base its decision on a reasonable medical judgment that relied on the most current medical knowledge and/or on the best available objective evidence.  This evidence demonstrates that the IRS relied on the medical knowledge provided by Dr. Miller.  This evidence may aid Branham in convincing the jury that Dr. Miller's opinion fails to meet the criteria of the most current medical knowledge and/or the best available objective evidence.

**III.     CONCLUSION**

For the foregoing reasons, Branham's motion to reconsider is DENIED.

Evidence regarding Dr. Miller's medical recommendation, as provided to the IRS, is

admissible according to the limitations set forth in this opinion.

ALL OF WHICH IS ENTERED this 1st day of December 2005.

John Daniel Tinder, Judge
United States District Court

Copies to:

John W. Griffin Jr.
Houston Marek & Griffin LLP
jwg@lawhmg.com

Jeffrey L. Hunter
United States Attorney's Office
jeff.hunter@usdoj.gov

Debra G. Richards
United States Attorney's Office
debra.richards@usdoj.gov

Elizabeth Gardner Russell
Krieg Devault
egr@kdlegal.com