UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY L. BRANHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:01-cv-0152-JDT-WTL |
| ) | |
| JOHN W. SNOW, Secretary, United States ) | |
| Department of Treasury/Internal Revenue ) | |
| Service, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PARTIES' MOTIONS TO AMEND JUDGMENT (Doc. Nos. 156, 158)**[1]

On December 12, 2005, a jury found in favor of the Plaintiff ("Branham") and against the Defendant Internal Revenue Service (the "IRS") on Branham's claim that the IRS discriminated against him in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. On June 19, 2006, the court entered judgment in favor of Branham in which the court ordered equitable relief. This matter is currently before the court on Branham's motion to amend the judgment (Doc. No. 156) and on the IRS's motion to amend the judgment (Doc. No. 158).

**I. DISCUSSION**

Branham asks the court to amend the judgment by (1) ordering either that the IRS promote Branham to a grade 13 revenue agent position or that the IRS extend front

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

pay until such time as it actually promotes him to a grade 13 position; (2) ordering the IRS to continue paying Branham Law Enforcement Adjustment Pay ("LEAP") until retirement (instead of terminating LEAP payments at the end of the front pay period); and (3) including the twenty-five percent (25%) LEAP pay as part of Branham's high-3 average salary when computing Branham's lost retirement benefits.  The Defendant, on the other hand, argues that the court erred by ordering the IRS to calculate Branham's retirement benefits using the percentage applicable to special agents, and the IRS asks the court to amend the judgment by omitting an award for lost retirement benefits.

The purpose of a motion to amend judgment "is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact."  *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).  The motion must do more than merely reargue the merits of the case.  *See id.* (holding that the district court committed no abuse of discretion in denying motions to reconsider in which "the plaintiffs simply took the opportunity to reargue the merits of their cases").  Moreover, a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment."  *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).  With these standards in mind, the court will now review the parties' contentions:

A. **Branham's Request for Grade 13 Promotion or Front Pay Extension Until Such Promotion**

In its June 19, 2006 Entry on Equitable Relief (the "Equitable Relief Entry"), the court awarded two years of front pay, calculated through June 2008. Originally, Branham asked the court for fifteen years of front pay (until age 57—the mandatory retirement age for special agents), and, of course, the IRS objected to the length of the requested front pay award. In determining this issue, the court heard and considered extensive evidence and legal argument from both sides, and it concluded that a reasonable grade 12 revenue agent would be able to obtain a grade promotion within two years.

Branham now asks the court to amend its Equitable Relief Entry and judgment by ordering the IRS to promote Branham to a grade 13 revenue agent position or to extend the front pay until such time as the IRS actually promotes him to a grade 13 position. First, to the extent that Branham is arguing that his front pay award should extend beyond the two-year period allotted by the judgment, the court rejects the argument for the reasons already set forth in the Equitable Relief Entry. (Equitable Relief Entry, Doc. No. 153, at 20-27.)

In support of his motion to amend the duration of the front pay award, Branham alleges that since the date of the damages hearing (February 3, 2006), he has applied

for and been denied three grade 13 promotions.[2]  Branham apparently submits this information to suggest that the court's expectation, that Branham should be able to mitigate his damages by achieving a grade 13 promotion within two years, is either incorrect or unrealistic.  However, Branham fails to demonstrate how this information is relevant to the court's finding on the duration of front pay.

As other courts have recognized, inherent in any award of prospective relief, such as front pay, is some risk of uncertainty.  *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000); *Curtis v. Elecs. & Space Corp.*, 113 F.3d 1498, 1504 (8th Cir. 1997).  Nonetheless, when instatement is not feasible, the court must determine an appropriate measure of front pay damages, at least to a reasonable degree of certainty based on the evidence before it.  At the February 3, 2006 hearing on equitable relief, both parties submitted substantial evidence regarding the appropriate duration of front pay.  The court carefully reviewed and analyzed the evidence, and then concluded that Branham was entitled to front pay.  Moreover, the court determined that the evidence demonstrated that Branham would be able to mitigate his damages by obtaining a grade 13 revenue agent position within two years.  The court carefully set forth its reasoning for these conclusions in the Equitable Relief Entry, and refers the parties to the Entry for the detailed reasoning.  (*See* Equitable Relief Entry 20-27.)

---

[2] Although immaterial to its decision here, the court notes that Branham does not provide this information to the court in evidentiary form (e.g., affidavit), but merely asserts this information in the brief itself.

What actually occurs in the future may turn out to differ from the court's decision. Nonetheless, the court's decision is not contingent upon any future occurrences, but instead is based upon the evidence in the record at the time of the decision. As the court explained in the Equitable Relief Entry, there is sufficient evidence demonstrating, to a reasonable degree of certainty, that if Branham continues to apply himself and seek advances as a revenue agent, then he will likely obtain a promotion to a grade 13 revenue agent position within two years. The fact that he has not yet obtained a promotion, or that he has been turned down for a promotion, or even if he fails to obtain a promotion in two years, is irrelevant to the court's determination, which is based solely on the evidence in the record. For this reason, Branham's three unsuccessful promotion attempts are not material to the court's decision.

Finally, the court notes that, in his motion to amend, Branham raises for the first time the theory that the court should order Branham instated into a grade 13 revenue agent position. Branham had ample opportunity to bring this option to light, present evidence on it, and argue the feasibility of it prior to judgment, but he failed to do so. Thus, the court will not entertain this option after it has already entered judgment. *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (A Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment.").

For these reasons and those set forth in the Equitable Relief Entry, the court will **DENY** Branham's motion to amend the front pay award or to instate him into a grade 13 position.

**B.     Branham's Request for LEAP Pay Benefits After the Front Pay Period**

Special agents are eligible to receive a twenty-five percent (25%) increase in pay, known as LEAP pay, if they work an average of fifty hours per week. In its Equitable Relief Entry, the court included the LEAP pay in calculating Branham's front pay award, but determined that he should not receive compensation for lost LEAP pay beyond the two years awarded as front pay. Branham argues that the court erred as a matter of law and that he is entitled to the LEAP pay that he would have received until retirement at the age of fifty-seven.

As noted above, a Rule 59(e) motion must do more than merely reargue the merits of the case. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003) (holding that the district court committed no abuse of discretion in denying motions to reconsider in which "the plaintiffs simply took the opportunity to reargue the merits of their cases"). Here, Branham presents the same argument that the court considered and rejected, in part, in its Equitable Relief Entry. Thus, to the extent that Branham seeks LEAP pay beyond what the court already included in the front pay award, the court will **DENY** his motion for the reasons set forth in the Equitable Relief Entry. (Equitable Relief Entry, Doc. No. 153, at 30-32.)

## C. The Parties' Requests to Amend or Omit Branham's Lost Retirement Benefit

In its Equitable Relief Entry, the court awarded Branham equitable relief for his lost retirement benefits, but elected not to do so in a lump sum. Instead, it ordered that the IRS compute the Plaintiff's basic FERS benefit at the time he retires from the IRS as if he would be retiring as a special agent. The mandate included computing his basic FERS benefit at 1.7% of his actual high-3 average pay for the number of years, up to twenty, that he would have served as a special agent if instated in June 1999. (Equitable Relief Entry, Doc. No. 153, at 35.) The IRS argues that this mandate constitutes a manifest error of law as it is the Office of Personnel and Management ("OPM"), not the IRS, who calculates and manages retirement annuities.

Specifically, the IRS argues that Congress has vested the OPM with sole authority to administer FERS, including applying the pertinent provisions and calculating Federal employee annuities. OPM is not a party to the suit. Thus, according to the IRS, the court cannot order OPM to compute Branham's retirement benefits in a manner the FERS provisions do not authorize. Moreover, the IRS argues that the "the court correctly found that 'granting the Plaintiff a lump sum award now for retirement benefits that he has not yet earned, even if that lump sum was calculated to recognize appropriate mitigation' is 'problematic.'" (Def.'s Br. Supp. Mot. Am. 6 (quoting Equitable Relief Entry, Doc. No. 153, at 33).) As a result, the IRS concludes that the court should abstain from awarding any lost retirement benefits.

Whether or not the manner in which the court ordered the disbursement of Branham's lost retirement benefits constituted a manifest error of law, the fact remains that, as explained in the Equitable Relief Entry, "the Plaintiff cannot be made whole without receiving damages for the lost chance of retiring with Special Agent level basic FERS benefits." (Equitable Relief Entry, Doc. No. 153, at 32.)  The court described two different options in awarding the lost retirement benefits: 1) the lump sum;[3] or 2) the amended calculation and disbursement of the FERS benefit upon Branham's retirement, as described above.  The court elected the second option as the most appropriate, explaining its concerns with the lump sum award.  However, the IRS now represents that it would not be able to comply with the court's mandate.  As a result, the court will **GRANT in part** the IRS's motion to amend by removing the order requiring that the IRS calculate Branham's FERS benefit as though he served as a special agent. Instead, the court will award a lump sum award for Branham's lost retirement benefits.

In the event that the court amends the judgment by awarding a lump sum retirement benefits award, both parties ask that the court amend the manner in which it indicated it would calculate the lump sum.  First, the Plaintiff asks the court to include the LEAP pay in the calculation of Branham's expected high-3 average salary.  The court explained in the Equitable Relief Entry (and reaffirms its decision above) that it will not extend the LEAP pay beyond the two-year front pay award.  Accordingly, when the court calculated the lump sum, it purposefully omitted the LEAP pay in the high-3

---

[3] In fact, the court went so far as to provide its lump sum calculation even though it ultimately elected against the lump sum award.  (*See* Equitable Relief Entry, at 34 n.13 & App. 2, 3.)

average salary. Branham has presented no new evidence to suggest including LEAP pay, and he has not demonstrated a manifest error of law on the part of the court. In fact, Branham does nothing more than reargue the merits of this issue. Therefore, the court will not include LEAP pay in calculating Branham's high-3 average salary, and it rejects this aspect of Branham's motion to amend.

Next, the IRS suggests that the court committed two errors in its original lump sum calculation: 1) that it based its calculation on an untimely step increase; and 2) that it used an annual compounding principle as opposed to the standard practice of using a daily compounding rate. (Def.'s Br. Supp. Mot. Amend 7.) In support of these contentions, the IRS produces the declaration of Roy D. Nord, a senior economist for the IRS's Office of Program Evaluation and Risk Analysis. (Nord Decl. ¶ 1.) As already explained above, a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006). The IRS had ample opportunity prior to judgment to present expert testimony regarding the manner in which the court should compute the lost FERS lump sum award. It failed to do so. As a result, the court calculated the lump sum award following the same method used by Branham's expert witness, Charles A. Bullock. The IRS had the opportunity to discover and anticipate Bullock's method prior to the trial on equitable relief, yet failed to submit its contrary view until after judgment was rendered. Rule 59(e) does not require the court to go back now and resolve a conflict between

Branham's expert, Bullock, and the IRS's new expert, Nord.[4]  As such, the court will

**DENY** this portion of the IRS's motion to amend.

Finally, Branham submitted a new lost FERS calculation that takes into account a shorter life expectancy due to Branham's diabetes.  This calculation appears to follow the court's method and assumptions in the Equitable Relief Entry, except it assumes 21.5 years of retirement (until the age of 78.5 years) as opposed to the 25 years of retirement as the court originally assumed.  With this change, Branham arrives at a lump sum of $116,839.00.  (Pl.'s Resp. Def.'s Mot. Amend, Ex. A.)  This amount is $8980.37 less than the court's original calculation (*see* Equity Relief Entry, App. 3), and $1438.33 less than the IRS's proposed amount (*see* Nord Decl. ¶ 8).  The court believes this new calculation is more appropriate because it attempts to take into account a shorter life expectancy due to Branham's diabetes.  Accordingly, the court will adopt Branham's new calculation of his lost FERS benefit, in the lump sum of $116,839.00.[5]  The court will **AMEND** its judgment on Branham's lost retirement

---

[4]  Moreover, Nord's declaration baldly states that the court erred in calculated Branham's pay-step increases.  Following Bullock's original pay-step calculations, the court found that Branham would receive an increase to grade 13, step 8 in July 2019.  Nord now states, without explanation, that the court should have found that Branham would receive this increase a year earlier, in July 2018.  The court has reviewed the expected step increases, but it fails to understand how Nord arrives at this conclusion.

[5]  The court's decision to adopt Bullock's new calculation is not inconsistent with its decision to reject Nord's, the IRS's expert, new calculation.  The IRS's post-judgment introduction of Nord's calculation directly conflicts with portions of Bullock's calculation that the court originally adopted.  Thus, the IRS attempts to create a post-judgment dispute between experts.  On the other hand, Bullock's new calculation does not create a post-judgment dispute.  Instead, he is simply conceding that his pre-judgment life-expectancy figure should have been lower to account for Branham's diabetes.  In this way, Nord's assertions differ substantially from Bullock's concession.

benefits by ordering the IRS to pay Branham $116,839.00, which lump sum value represents Branham's lost FERS benefit.

## II.    CONCLUSION

For the foregoing reasons, the court **DENIES** Branham's motion to amend the judgment (Doc. No. 156), and it **GRANTS in part** and **DENIES in part** the IRS's motion to amend the judgment (Doc. No. 158).  As a result, the court will **AMEND** the judgment and will no longer require the IRS to compute Branham's basic FERS benefit, upon his retirement, as though he had worked as a special agent.  Instead, the court will **ORDER** the IRS to pay damages in the form of lost retirement benefits in the lump sum of $116,839.00.

ALL OF WHICH IS ENTERED this 16th day of August 2006.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

John W. Griffin Jr.
Houston Marek & Griffin LLP
jwg@lawhmg.com

Jeffrey L. Hunter
United States Attorney's Office
jeff.hunter@usdoj.gov

Debra G. Richards
United States Attorney's Office
debra.richards@usdoj.gov

Elizabeth Gardner Russell
Krieg Devault
egr@kdlegal.com

Magistrate Judge William T. Lawrence